IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES F. CLARK, JR. AND §<br>SHERRY CLARK, §<br>Plaintiffs, §<br>§<br>v. §<br>§<br>OCCIDENTAL FIRE & CASUALTY §<br>COMPANY OF NORTH CAROLINA §<br>AND KEVIN FERGUSON, §<br>Defendants. § | CIVIL ACTION NO. _____<br>JURY DEMANDED |

### DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Occidental Fire & Casualty Company of North Carolina, in Cause No. 2019-38401, pending in the 215th District Court of Harris County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and respectfully shows:

## I. FACTUAL BACKGROUND

1.1 On June 4, 2019, Plaintiffs filed their Original Petition in the matter styled *James F. Clark, Jr. and Sherry Clark v. Occidental Fire & Casualty Company of North Carolina and Kevin Ferguson*, in the 215th District Court of Harris County, Texas, in which Plaintiffs made claims for damages to her property under their homeowner's insurance policy.

1

1.2     Plaintiffs also asserts claims against Kevin Ferguson, who was hired by Occidental to inspect Plaintiffs' property and prepare an estimate for the reasonable cost of repair, if any, to Plaintiffs' property.  Defendant Ferguson provided his report to Occidental for its sole and exclusive use and consideration.  *See id.*

1.3     Plaintiffs' Original Petition states that "during the effective policy period" their property sustained "severe damages to the roof due to the direct force of wind and hail," which also led to interior water damage.  *See* Pl.'s Original Pet. ¶ 12.

1.4     Plaintiffs filed a claim with Occidental under their policy requesting that Occidental "pay for damages to the Property and other damages covered by the terms of the Policy."  *See id.* at ¶ 13.

1.5     Occidental was served with Plaintiffs' Original Petition on June 10, 2019.

1.6     The Index of Matters Being Filed is attached as Exhibit A to this notice of removal.  A copy of the Harris County District Clerk's file for this case is also attached as Exhibit B and includes true and correct copies of all executed process, pleadings, and orders.  The Designation of Counsel is attached as Exhibit C.

## II.  BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332, 1441(a) and 1446.

2.2     At the time the lawsuit was filed, Plaintiffs were residents of the State of Texas.  *See* Pl.'s Original Pet. ¶ 2.

2.3     Defendant Occidental is incorporated as a Nebraska-domiciled insurance company, and has its principal place of business in North Carolina.

2.4   Defendant Ferguson is a citizen of the State of Texas, but is not a proper party to this lawsuit.

### A.   Complete diversity exists between Plaintiff and Occidental because Defendant Ferguson has been improperly joined in this lawsuit.

2.5   Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2003) (*en banc*).  The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the Plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the Plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).  To determine whether the plaintiff can recover against the in-state defendant, the district court can analyze the plaintiff's petition under the robust federal rule 12(b)(6) standard and determine whether the plaintiff's petition states a claim. *See Int'l Energy*, 818 F.3d at 207-08; *see also Smallwood*, 385 F.3d at 573.  The district court may also "pierce the pleadings" and conduct a summary-judgment analysis to identify discrete facts that would preclude recovery against the nondiverse defendant. *Smallwood*, 385 F.3d at 573-74.  The latter method is applicable when the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder." *Id.*; *see Gonzalez v. State Auto Prop. & Cas. Ins. Co.*, Civ. Action No. 5:17-CV-60, 2017 WL 2633582, at *2 (S.D. Tex. June 16, 2017).

2.6     "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of [their] 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." *Elchehabi v. Chase Home Fin., LLC*, No. H-12-1486, 2012 WL 3527178, at *2 (S.D. Tex. Aug. 15, 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555; *Guerrero Investments, LLC v. Am. States Ins. Co.*, No. 7:12-CV-430, 2013 WL 5230718, at *1 (S.D. Tex. Sept. 17, 2013) (finding lack of a "factual fit" and thus, improper joinder where "the sections setting forth Plaintiff's causes of action against the in-state defendant amounted to no more than conclusory recitations of the elements of the plaintiff's DTPA, Insurance Code, and conspiracy claims); *Xiang Fang v. Companion Commercial Ins. Co.*, No. 7:12-CV-324, 2013 WL 5214433, at *3 (S.D. Tex. Sept. 17, 2013) (same).

2.7     Here, Plaintiffs have failed to allege any facts about the nature of Defendant Ferguson's involvement in this claim.  and have therefore failed to secure the required "factual fit between [their] allegations and the pleaded theory of recovery."  *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999).  In their Original Petition, Plaintiffs allege that Ferguson "failed to fully quantify the covered damage" and "failed to recommend acceptance of coverage for the full scope and amount."  *See* Pl.'s Original Pet. ¶ 32.  The petition then conclusively alleges Ferguson did not conduct a thorough investigation of the claim.  *See id* at ¶ 33.  What follows in the subsequent paragraphs is a litany of excerpts from statutes without any factual allegations whatsoever.  *See id* at ¶¶ 34-36.

2.8 But merely repeating statutory language is not sufficient; a plaintiff must plead specific, actionable facts to which a statute should apply, and Plaintiffs have wholly failed to do so in this case. *See Young v. Travelers Pers. Sec. Ins. Co.*, No. 4:16-CV-235, 2016 WL 4208566, at *4-5 (S.D. Tex. Aug. 10, 2016) (denying a plaintiff's motion to remand and dismissing an insurance-adjuster defendant where the plaintiff failed to state a claim against the adjuster by a "mere formulaic recital of the statutory elements"); *Lakewood Chiropractic Clinic,* No. H-09-1728, 2009 WL 3602043, at *3 (S.D. Tex. Oct. 27, 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).[1] Moreover, the alleged Insurance Code violations asserted against Ferguson are completely indistinguishable from the statutory violations alleged against Defendant Occidental. *See* Pls.' Original Pet. Courts in the Southern District of Texas have held that when the claims against an adjuster are nearly identical to those against the insurer, they are insufficient to support a claim against the adjuster. *See Dalton v. State Farm Lloyds, Inc.*, No. H-12-

---

[1] The Fifth Circuit and its District Courts routinely find that individual adjusters and agents are improperly joined where the plaintiffs' allegations against the adjuster are boilerplate and nearly identical to the claims against the insurance carrier. *See e.g., Griggs,* 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in Plaintiff's petition to support claim against agent); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* No. 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations merely listing Insurance Code provisions and asserting that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, No. 4:08-CV-475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding petition listing Insurance Code provisions that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.,* No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the Plaintiff's petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims").

3004, 2013 WL 3157532, at *7 (S.D. Tex. June 19, 2013); *see also Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-CV-0089, 2016 WL 3671115, at *3 (S.D. Tex. July 11, 2016) ("While it is true that Texas law may permit adjusters to be found individually liable for certain violations of the Texas Insurance Code, for an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage" (internal citations omitted)). Notably, Plaintiffs' prayer only seeks judgment against "Defendant", which is defined in the petition solely as Occidental.

2.9    In sum, Plaintiffs' allegations do not involve conduct specifically and solely attributable to Ferguson, and Plaintiffs' factual allegations are nothing more than conclusory statements that lack the specificity necessary to state a claim. *See Twombly*, 550 U.S. at 445. The Plaintiffs' failure to allege specific and unique facts concerning Ferguson's involvement means that Plaintiffs did not "'state enough facts to state a claim for relief that is plausible on its face.'" *See Int'l Energy*, 818 F.3d at 207-08 (quoting *Twombly*, 550 U.S. at 570). And in the absence of such factual allegations, "'there is no reasonable basis for the district court to predict that [P]laintiff might be able to recover against'" Ferguson. *See Int'l Energy*, 818 F.3d at 205 (quoting *Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d 646-47). Defendant Ferguson is an improper party to this lawsuit and should be dismissed by the Court.

2.10    Because Occidental, a foreign defendant, is the only proper defendant in this action, there is complete diversity of citizenship between the parties. As such, removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

6

**B.      The amount of damages prayed for by Plaintiffs exceeds the amount in controversy required to confer diversity jurisdiction on this Court.**

2.11    Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000.  28 U.S.C. §1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). Generally, an amount in controversy for the purposes of establishing federal jurisdiction is determined by the Plaintiff's complaint.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

2.12    In their Petition, Plaintiffs allege that they "are seeking only monetary relief ofover $200,000 but not more than $1,000,000."  *See* Pl.'s Original Pet. ¶ 57.  The face of Plaintiffs' Petition establishes that the amount in controversy exceeds this Court's requirements.

### III.  THE REMOVAL IS PROCEDURALLY CORRECT

3.1     Defendant Occidental was first served with Plaintiffs' Original Petition and process on June 10, 2019.  By filing its Notice on this day, July 10, 2019, Defendant Occidental files its Notice of Removal within the thirty-day time period required by 28 U.S.C. §1446(b).

3.2     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. §1446(d), promptly after Occidental files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

3.4 Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Harris County District Court, promptly after Occidental files this Notice.

3.5 As an improperly joined party, Defendant Ferguson's consent to this removal is unnecessary. *See Almeida v. Allstate Tex. Lloyds*, No. Civ.A. B-05-202, 2005 WL 3348907, at *5 (S.D. Tex. Dec. 8, 2005) (citing *Farias v. Bexar Cty. Bd. of Trustees for MHMR Servs.*, 925 F.2d 866, 871 (5th Cir. 1991)).

## IV. CONCLUSION

4.1 Based on the foregoing, the exhibits submitted in support of this Notice, and other documents filed contemporaneously with this Notice and fully incorporated herein, Defendant Occidental Fire & Casualty Company of North Carolina hereby removes this case to this Court for trial and determination.

Respectfully submitted,

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001

By: ___*/s/ Mikell A. West*___
    Mikell A. West
    Attorney-in-Charge
    State Bar No. 24070832
    Southern Dist. No. 1563058
    mwest@gnqlawyers.com

**ATTORNEY FOR OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001

Thomas F. Nye
State Bar No. 15154025
Southern Dist. No. 7952
tnye@gnqlawyers.com

## CERTIFICATE OF SERVICE

I certify that on July 10, 2019, a copy of Defendant Occidental Fire & Casualty Company of North Carolina's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiffs.

**VIA CM/RRR # 7018 0360 0000 9115 1213**
Robert C. Lane
State Bar No. 24046263
THE LANE LAW FIRM, PLLC
6200 Savoy Drive, Suite 1150
Houston, TX 77036
Office: (713) 595-8200
Facsimile: (713) 595-8201
notifications@lanelaw.com

By: */s/ Mikell A. West*
      Mikell A. West